IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01884-JLK consolidated into 14-cv-01736-JLK

SUEHAM KAY HOFFMAN, individually and as representative for the Estate of
DOROTHY WOOD HAMMER,
LAILA SAEDA URBAN, individually and as representative for the Estate of
DOROTHY WOOD HAMMER,
The Estate of DOROTHY WOOD HAMMER,

   Plaintiffs,

v.

UNITED FIRE GROUP, INC., d/b/a UNITED FIRE GROUP,
UNITED FIRE & CASUALTY COMPANY, d/b/a UNITED FIRE GROUP,
UNITED FIRE INSURANCE COMPANY, d/b/a UNITED FIRE GROUP,
ADDISON INSURANCE COMPANY,
LAFAYETTE INSURANCE COMPANY,
UNITED FIRE & INDEMNITY COMPANY,
UNITED FIRE LLOYDS,
TEXAS GENERAL INDEMNITY COMPANY,
ABC INSURANCE COMPANY, an entity whose true name is unknown, d/b/a
UNITED FIRE GROUP, and
ABC ORGANIZATION, an entity, or group of entities, whose true names are
unknown.

   Defendants

Consolidated into 14-cv-01736-JLK

DALE SNYDER, et al.,

   Plaintiffs,

v.

ACORD CORPORATION, a Delaware
non-profit corporation, et al.,

Defendants.

---

## MOTION TO DISMISS [DOC. 8] IN CONSOLIDATED CASE 14-CV-01884 AND REQUEST FOR ATTORNEY FEES AND COSTS

---

Defendants United Fire Group, Inc., individually and as incorrectly referred to as doing business as United Fire Insurance Company; United Fire & Casualty Company, incorrectly referred to as doing business as United Fire Group; Addison Insurance Company; Lafayette Insurance Company; United Fire & Indemnity Company; United Fire Lloyds and Texas General Indemnity Company, by and through their attorneys, Lambdin & Chaney, LLP, move this Court to dismiss the operative Complaint and Jury Demand [docket # 8] in consolidated case 14-cv-01884 pursuant to Rules 8, 9 and 12 of the Federal Rules of Civil Procedure; and to dismiss Defendants Lafayette Insurance Company and United Fire Lloyds for lack of personal jurisdiction. Defendants further request an award of attorney fees and costs.

## I.  BACKGROUND AND CONFERRAL CERTIFICATION

This case arises from an insurance claim involving a fire to real property located in Grand County, Colorado, which occurred on February 12, 2012. [docket #8, Complaint, ¶¶ 23, 110.] United Fire & Casualty Company issued insurance

policy number 60374692 to Dorothy Hammer dba Parshall General Store. [docket #1-1, Policy, p. 2 of 57]. In addition to suing United Fire & Casualty Company, Plaintiffs have sued seven other insurers and named two fictitious companies, asserting a grab-bag of legal theories against all defendants as a whole.[1]

Prior to removal to this Court, Denver County District Court Judge Madden *sua sponte* issued an Order [docket #7] striking in their entirety Plaintiffs' original Complaint and Jury Demand, filed on April 14, 2014 [docket #5], and their Amended Complaint and Jury Demand, filed on April 21, 2014 [docket #6] for violating the language and spirit of Colorado Rules of Civil Procedure 8(a) and 10.

Judge Madden stated that the Amended Complaint violates the rules of civil procedure "in the extreme," noting that it cites to legal authority; it is argumentative;

---

[1] These Defendants previously filed this *Motion to Dismiss and Request for Attorney Fees and Costs* in 1:14-cv-01844-WJM-CBS [Dkt. 21]. Before a hearing could be conducted or the motion ruled on, however, the parties agreed to consolidate this case with the related matter, ***Snyder v. ACORD Corp., et al.***, 1:14-cv-01736-JLK. As part of the agreement to consolidate, Plaintiffs agreed that these Defendants would retain the right to refile their Motion to Dismiss before this Court. *See Unopposed Motion to Consolidate Claims* at p. 2 [14-cv-01736-JLK, Dkt. 67]. This Court granted the motion to consolidate the cases on August 5, 2014. *See Order Granting Unopposed Motion to Consolidate Claims* [14-cv-01736-JLK, Dkt. 71].

In ***Snyder***, Plaintiffs have asserted the same grab-bag of legal theories, in addition to others, that they have pursued here. The legal analysis applicable to the claims in this case, including those regarding personal jurisdiction, are also applicable to those same claims made in ***Snyder***. And the recitations of law articulated in the Motions to Dismiss, in ***Snyder***, has equal pertinence to the claims in this case. These Defendants have joined or are signatories to the Motions to Dismiss in ***Snyder***. *See* Dkts 389, 390, and 392.

it uses compound propositions in paragraphs; and it is overly detailed.   The Amended Complaint was 63 pages in length and included 423 numbered paragraphs with more than 200 hundred additional parts and subparts, raising 10 separate claims for relief.   Judge Madden ordered Plaintiffs to significantly revise their allegations to bring them in compliance with the applicable rules and warned Plaintiffs that "[i]f the next complaint is not significantly reduced in length and does not comply with the Civil Rules' pleading requirements, the case will likely be dismissed without prejudice."

In response, Plaintiffs filed a revised Complaint on May 14, 2014 [docket #8], which is 36 pages and includes 362 numbered paragraphs with additional subparts, raising the previously asserted 10 claims for relief.   It is this Complaint that Defendants now move to dismiss pursuant to Fed.R.Civ.P. 8, 9, 12(b)(2) and 12(b)(6).   The Complaint, as a whole, represents a "shotgun" pleading in violation of Fed.R.Civ.P. 8; Plaintiffs fail to state a claim upon which relief can be granted; and this Court lacks personal jurisdiction over Defendants Lafayette Insurance Company and United Fire Lloyds.   Because Plaintiffs ignored Judge Madden's warning to revise their Complaint to bring it in compliance with the rules, this Court should dismiss the Complaint in its entirety.

Defendants' counsel also conferred with Plaintiffs' counsel regarding, *inter alia*, improperly naming entities that had nothing to do with this policy, this claim, or

even the State of Colorado, in addition to the patently defective Complaint. Plaintiffs' counsel rejected all such suggestions and attempts to cure. Accordingly, Defendants' counsel requests an award of attorney fees and costs.

## II.   ANALYSIS

### A.   Pleading Requirements Pursuant to Fed.R.Civ.P. 8

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiff is entitled to relief. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed.R.Civ.P. 8 are designed to meet these purposes. *See TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the stated requirements and spirit of Rule 8.

Recently, Colorado federal courts have strongly criticized the use of "shotgun pleading," by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors. ***G.H. Daniels III & Assocs, Inc. v. Solis***, 2013 WL 5216453, at *10 (D. Colo. Sept. 17, 2013). As was noted by District Judge Christine M. Arguello:

> Shotgun pleading is an attractive option for the pleader, who can simply recite an extended narrative at the beginning of the pleading, and proceed to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support. But doing so places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim. Essentially, the shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader.

***Jacobs v. Credit Suisse First Boston***, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011) (finding "shotgun pleading" to be a "defect" contributing to an award of sanctions). Courts uniformly condemn shotgun pleading as a subject of "great dismay," "intolerable," and "in a very real sense . . . [an] obstruction justice." ***Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.***, 305 F.3d 1293, 1295-96 n. 9, 10 (11th Cir. 2002); *see also **Jones v. Lehmkuhl***, 2013 WL 6728951, *7 (D. Colo. Dec. 20, 2013) (wherein Senior Judge Wiley Y. Daniel described a shotgun pleading as a "grab-bag of legal theories").

- 6 -

Plaintiffs' Complaint is the epitome of a "shotgun pleading" that is anything but simple, concise, and direct.  It contains hundreds of paragraphs directed collectively against all of the named Defendants without any attempt whatsoever to identify which defendant engaged in what conduct in support of which claim.  The insurance policy at issue in this case was issued by United Fire & Casualty Company.  None of the other defendant entities had anything to do with this policy or claim and appear to have been named simply because each is somehow related to United Fire Group.  This Court should not act as counsel for Plaintiffs in an attempt to determine which facts may support which claim against which Defendant.  Plaintiffs have not made even a cursory attempt to specify what conduct by which Defendant entitles them to relief under which claim, which further supports dismissal for failure to state a claim upon which relief can be granted.

### B.    Failure to State a Claim – Fed.R.Civ.P.12(b)(6)

The purpose of a motion to dismiss is to test the formal sufficiency of the complaint.  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).   In determining the sufficiency of a complaint under Fed.R.Civ.P. 12(b)(6), a court "'accept[s] all the well-pleaded allegations [as distinguished from conclusory statements] of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'"  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th

Cir. 1996)).

A claim should not be dismissed if it "contains 'enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." ***Robbins v. Okla.***, 519 F.3d 1242, 1248 (10th Cir. 2008). "Thus, the mere metaphysical possibility that **some** plaintiff could prove **some** set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that **this** plaintiff has a reasonable likelihood of mustering factual support for **these** claims." ***Schneider***, 493 F.3d at 1177 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." ***Ashcroft v. Iqbal***, 556 U.S. 662 (2009).

### 1.    CCPA Claim Under C.R.S. § 6-1-105 (Third Claim)

The Colorado Consumer Protection Act (CCPA) is a remedial statute intended to deter and punish deceptive trade practices committed by businesses in dealing with the public. ***Showpiece Homes Corp. v. Assurance Co. of Am.***, 38 P.3d 47, 51 (Colo. 2001). To state a claim under C.R.S. § 6-1-105, a plaintiff must

allege the following elements:

> (1)     that the defendant engaged in an unfair or deceptive trade practice;
>
> (2)     that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
>
> (3)     that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
>
> (4)     that the plaintiff suffered injury in fact to a legally protected interest; and
>
> (5)     that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003).   Such a claim must be pled with particularity pursuant to Fed.R.Civ.P. 9(b).   *See Cavitat Med. Techs., Inc. v. Aetna, Inc.*, 2006 WL 218018, at *3 (D. Colo. Jan 27, 2006) (holding that claims under § 6-1-105 of the CCPA must be pled with particularity pursuant to FRCP 9(b)); *Duran v. Clover Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985) (holding that "Rule 9(b)'s requirement of particularity applies to plaintiffs' allegations of deceptive trade practices under the Colorado Consumer Protection Act").   The purpose of the particularity requirement is to provide the defendant with fair notice of, and the basis

for, the plaintiff's claims. **Koch v. Koch Indus., Inc.**, 203 F.3d 1202, 1236-37 (10th Cir. 2000) (quoting **Farlow v. Peat, Marwick, Mitchell & Co.**, 956 F.2d 982, 987 (10th Cir. 1992)).

To satisfy Rule 9(b)'s requirement, "the complaint must specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." 2A *Moore's Fed. Practice*, ¶ 9.03[1] (1994); *see also* 5 C. Wright & A. Miller, *Fed. Practice & Procedure* §1297 (1990). "At a minimum, Rule 9(b) requires that the plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." **U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah**, 472 F.3d 702, 726-27 (10th Cir. 2006). The Plaintiffs' Complaint clearly fails to meet this standard.

Plaintiffs' CCPA claim is woefully inadequate under the *Koch* standard. In their Third Claim for Relief, Plaintiffs combine allegations of violations of the CCPA with the Colorado Unfair Deceptive Practices Act, C.R.S. § 10-3-1101 *et seq.* Paragraphs 297 a. through d. are verbatim provisions from the Unfair Deceptive Practices Act and do not contain any allegations related to the CCPA claim. The allegations related to the CCPA claim are contained in paragraphs 297 e. through i., and 298 through 301. However, the allegations are nothing more than recitals of particular statutory provisions.

The allegations do not identify any particular conduct by which Defendant, how such conduct was "unfair or deceptive," or where and when such conduct occurred. *See Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013) (dismissing CCPA claim for failing to specify violative conduct); *Hansen v. Auto-Owners Ins. Co.*, 2010 WL 749820, *3 (D. Colo. Mar. 4, 2010) (dismissing CCPA claim for failure to identify the allegedly misleading representations). Simply citing statutory provisions is not sufficient to state a claim upon which relief can be granted. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiffs' CCPA claim also fails because it fails to sufficiently allege that the challenged practice significantly impacts the pubic as actual or potential consumers of each Defendant's services. *See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). When challenged conduct is private in nature, e.g., a contractual dispute, there is no significant public impact, as is required to maintain a CCPA claim. "If a party to a contract fails to perform a promise mutually bargained for and agreed upon by the parties, then the remedy is an action for breach." *Rhino Linings USA, Inc.*, 62 P.3d at 148. "A breach of contract claim, without additional conduct, cannot constitute an actionable claim under the CCPA." *Id.* "[I]f a wrong is private in nature, and does not affect the

public, a claim is not actionable under the CCPA." *Id.* at 149.

Typical CCPA claims have wide public impact, such as those involving consumer products purchased on a large scale by the public. *See, e.g.,* **Watson v. Dillon Cos., Inc.**, 797 F. Supp. 2d 1138, 1160-61 (D. Colo. 2011). Although a CCPA claim can lie in the insurance context, **Showpiece Homes Corp. v. Assurance Co. of Am.**, 38 P.3d 47 (Colo. 2001), "the fact that a[n] insurer and an insured have a dispute over a claim does not necessarily mean that other members of the public are or have been affected by the insurer's practices." **Brodeur v. Am. Home Assurance Co.**, 169 P.3d 139, 156 (Colo. 2007).

While the Plaintiffs allege public impact in paragraph 300, this allegation is wholly conclusory and need not be accepted as true for the purposes of this motion. **Duran**, 616 F. Supp. at 792. However, even if it is accepted as true, the Plaintiffs still fail to sufficiently plead any alleged significant public impact. Instead, all of the Plaintiffs' claims are tied to an amount that the Plaintiffs allege was required to be paid under the insurance contract, i.e., "the amount of damages . . . is an amount equal to the difference between the amounts raised in Plaintiffs' letters . . . minus the amounts paid. Said amount is believed to be approximately $174,910.00." [docket #8, Complaint, ¶ 280; see also ¶¶ 295, 306, 312, 326, 335, 343, 351, 355, 361. What the Plaintiffs allege, at best, is a purely private wrong that has no impact on the public. This is not actionable under the CCPA. **Rhino Linings USA, Inc.**,

62 P.3d at 149.

### 2.   Constructive Fraud and Fraud (Eighth and Ninth Claims)

Fed.R.Civ.P. 9(b) requires allegations of fraud to be pled with particularity. The elements of fraud under Colorado law are:

(1)    a false representation of a material existing fact;

(2)    knowledge on the part of the one making the representation that it was false;

(3)    ignorance on the part of the one to whom the representation was made of its falsity;

(4)    the representation was made with an intention that it be acted on; and

(5)    the representation resulted in damage."

***Bangert Bros. Constr. Co., Inc. v. Kiewit W. Co.***, 310 F.3d 1278, 1286 n.4 (10th Cir. 2002) (quoting ***Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Trust***, 854 P.2d 167, 172 (Colo. 1993)).

As stated above, "[a]t a minimum, Rule 9(b) requires that the plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." ***U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah***, 472 F.3d 702, 726-27 (10th Cir. 2006).

In the Eighth and Ninth Claims for Relief, the Plaintiffs fail to state the requisite who, what, when, where or how of the alleged fraud.   Instead, the

Plaintiffs provided a defective "shotgun" pleading, incorporating by reference the several hundred previously stated numbered paragraphs based on the "aforementioned facts."   This is woefully inadequate, and it places an impermissible burden on each Defendant to repeatedly dissect the lengthy narrative in an attempt to independently determine the particular factual allegations that are relevant to each individual claim.

### 3.    Outrageous Conduct (Fifth Claim)

In addition to a bad faith claim, the Plaintiffs have also pled an outrageous conduct claim.  The elements of the two torts are different – the nature of scienter and the level of conduct required to state a prima facie case differ for each. *McKelvy v. Liberty Mut. Ins. Co.*, 983 P.2d 42 (Colo. App. 1998).

A claim based upon outrageous conduct requires proof that the conduct was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Munoz v. State Farm Mut. Auto. Ins. Co.*, 968 P.2d 126, 129 (Colo. App. 1998) (quoting *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988)).   Moreover, it requires the conduct be undertaken recklessly or with an intent to cause the plaintiff severe emotional distress.  *Id.* Accordingly, severe emotional distress is required to have been caused by each Defendant against which the claim is asserted.

Here, the insured property was a general store, and the named individual in the policy, Dorothy Hammer, died on May 3, 2011.  [docket #1-1, Policy, p. 2 of 57; docket #8, Complaint, ¶ 24].  The fire loss at issue in the claim occurred almost a year later on February 12, 2012.  [docket #8, Complaint, ¶ 110].  Moreover, as with all their claims, the Plaintiffs provided a defective "shotgun" pleading, incorporating by reference the several hundred previously stated numbered paragraphs based on the "aforementioned facts."  This is woefully inadequate and impermissible.

### 4.    Unjust Enrichment (Sixth Claim)

The elements of the claim of unjust enrichment are:

(1)    a benefit conferred on the defendant by the plaintiff;

(2)    acceptance of the benefit by the defendant; and

(3)    circumstances which make it inequitable for the defendant to retain the benefit.

*Cargill, Inc. v. Stafford*, 553 F.2d 1222, 1224 (10th Cir. 1977).

The principle underlying a claim of unjust enrichment is to deprive a wrongdoer of benefits that in equity and good conscience he ought not to keep. *Scanwell Labs, Inc. v. Thomas*, 521 F.2d 941, 949 (D. D.C. 1975).  If the plaintiff "did not perform any services for, convey any rights to, or confer any

- 15 -

benefit on" the defendant, a plaintiff ordinarily cannot recover under a theory of unjust enrichment. *Cargill*, 553 F.2d at 1224; *Fed. Deposit Ins. Corp. v. British-Am. Corp.*, 755 F. Supp. 1314, 1324 (E.D. N.C. 1991). In short, under Colorado law, a plaintiff must allege that at the plaintiff's expense, defendants received a benefit under circumstances that would make it unjust for defendants not to make restitution. *Van Zanen v. Qwest Wireless, LLC*, 550 F. Supp. 2d 1261, 1266 (D. Colo. 2007) (citing *DCB Constr. Co., Inc. v. Central City Dev. Co.*, 965 P.2d 115, 119-20 (Colo. 1998)). Equitable remedies normally are available only when the remedy at law is inadequate. *Tyler v. City of Manhattan*, 118 F.3d 1400, 1416 (10th Cir. 1997).

When an express contract applies between parties to litigation, Colorado law provides that an unjust enrichment claim that covers the same subject matter is prohibited, as a matter of law, because the express contract precludes any implied-in-law contract. In *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003), the Colorado Court of Appeals stated that "[i]n general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Id.*; *see also Echostar Satellite, L.L.C. v. Splash Media Partners, L.P.*, 2010 WL 3873282 (D. Colo. 2010) (unpublished) (entering summary judgment in favor of

the defendant because there was an express contract covering the same subject matter as the unjust enrichment claim).  Here, because there was an express contract, i.e., the insurance policy, the unjust enrichment claim is precluded as a matter of law as to United Fire & Casualty Company.  With regard to the other non-involved Defendants, there are no allegations whatsoever supporting any benefit provided by the Plaintiffs and/or acceptance of any such benefit by any of these other Defendants.

### 5. Common Law Negligence and Negligent Misrepresentation (Seventh and Tenth Claims)

For over thirty years, it is has been established law in the State of Colorado that the assertion of separate and distinct claims for bad faith and negligence is inappropriate in light of the reasonableness test for bad faith.  *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1142-43 (Colo. 1984).  Accordingly, in addition to the impermissible shotgun pleading, the Plaintiffs' negligence claims must be dismissed as a matter of law.

### C. Personal Jurisdiction

This Court does not have personal jurisdiction over Lafayette Insurance Company or United Fire Lloyds because the Plaintiffs have failed to show that (i)

jurisdiction is proper under the laws of Colorado, and (ii) the exercise of jurisdiction does not offend the Due Process clause of the Fourteenth Amendment.  *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

Colorado's long arm statute is coextensive with the constitutional limitations imposed by the Due Process clause; therefore, the inquiry collapses into the single determination of whether jurisdiction is consistent with the Due Process clause.  *Id.*  The Due Process clause requires a non-resident defendant to have "minimum contacts" with the forum state.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).   The "minimum contacts" standard may be met by showing either general or specific jurisdiction over the defendant.  *Id.*

A court may exercise general jurisdiction over a defendant for any claim, whether arising from activities in the state or not, if the defendant has sufficiently strong business contacts with the forum state.  Because general jurisdiction is not tied to the events forming the basis for the litigation, however, a court imposes a stringent minimum contacts test, requiring the defendant to have "continuous and systematic general business contacts" with the forum state.  *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006).  General personal jurisdiction over a party permits the forum to resolve any dispute involving that

party, not just the dispute at issue.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).

Alternatively, a court may exercise specific jurisdiction over a defendant if the defendant's actions in or directed at the forum give rise to the litigation.  The specific personal jurisdiction test is two-pronged, with interplay between the two prongs.  *OMI Holdings, Inc.*, 149 F.3d at 1091.  Under the first prong, a court decides whether the defendant has sufficient minimum contacts with the forum state such that he should "reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297.  This inquiry requires a determination of whether the defendant "purposefully directed" its activities at residents of the forum and whether the action "arises out of or relates to" the defendant's own activities within the state and creates a "substantial connection" with the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

The second prong of the specific jurisdiction analysis is whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif.*, 480 U.S. 102, 113 (1987).  This inquiry requires a determination of whether personal jurisdiction over a defendant with minimum contacts is

reasonable in light of the circumstances surrounding the case. In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See **TH Agric. & Nutrition, LLC v. Ace European Group Ltd.**,* 488 F.3d 1282, 1292 (10th Cir. 2007). The test evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction. ***OMI Holdings, Inc.**,* 149 F.3d at 1092.

Lafayette Insurance Company is a citizen of the State of Louisiana, and its principal place of business is the State of Iowa. *See Affidavit of Neal R. Scharmer, **Exhibit 1**.* United Fire Lloyds is a company chartered in the State of Texas and is, by its very nature, limited to doing business in Texas. *See **Exhibit 1**.* It is licensed, and can only be licensed, in Texas. *See **Exhibit 1**.*

Plaintiffs' Complaint incorrectly asserts that each of these defendants is licensed to write insurance and to conduct business in the State of Colorado and was doing business in the State of Colorado. [docket #8, ¶¶ 8, 10] In fact, neither Lafayette Insurance Company nor United Fire Lloyds has ever been licensed to

write insurance policies or otherwise conduct business in Colorado.  *See **Exhibit 1***.

Neither company has continuous and systematic general business contacts in

Colorado.  *See **Exhibit 1***.  Neither Company had any involvement with the

insurance policy or related claim handling.  *See **Exhibit 1***.

Accordingly, Lafayette Insurance Company and United Fire Lloyds lack

sufficient minimum contacts with Colorado. Subjecting them to personal jurisdiction

in Colorado would offend traditional notions of fair play and substantial justice,

requiring dismissal pursuant to Fed.R.Civ.P. 12(b)(2).

## III.    CONCLUSION

The Complaint's style of "shotgun" pleading makes it impossible to tell

which facts connect which Defendant to which claims.   Therefore, all of the

Plaintiffs' claims are improperly pled under Rule 8 and should be dismissed.

Despite earlier pleadings being *sua sponte* stricken and a warning issued by a

state court district judge, the Plaintiffs still have not made even a cursory attempt

to specify what conduct by which Defendant entitles them to relief under which

claim, which further supports dismissal for failure to state a claim upon which relief

can be granted.   In addition, Lafayette Insurance Company and United Fire Lloyds

should be dismissed for lack of personal jurisdiction.

## IV.    REQUEST FOR ATTORNEY FEES

Defendants request an award of attorney fees and costs in having to file this

motion to an obviously defective complaint, which is also in violation of Rule 11.

Opposing counsel did not, and does not, have Rule 11 grounds to have named any

entity as a defendant except for United Fire & Casualty Company.   The

undersigned counsel invited the Plaintiffs' counsel to file a corrected amended

pleading to address the shortcomings and patently defective pleading.   Plaintiffs'

counsel rejected all suggestions.

DATED this 5th day of December, 2014.

Respectfully submitted,


By:    *s/ L. Kathleen Chaney*
       L. Kathleen Chaney
       Jerad West
       LAMBDIN & CHANEY, LLP
       4949 S. Syracuse Street, Suite 600
       Denver, Colorado 80237
       Telephone: (303) 799-8889
       Facsimile:  (303) 799-3700
       E-mail: kchaney@lclaw.net
       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2014, a true and correct
copy of the foregoing **MOTION TO DISMISS DOCKET NO. 8 IN CONSOLIDATED
CASE NO. 2014-CV-01884** was filed with the Clerk of the Court using the CM/ECF
system which will send notification of such filing to the following e-mail addresses:

Josue D. Hernandez, Esq.
Dougherty, Modin, Holloway & Kardis, LLC
7200 N.W. 86th Street, Suite D
Kansas City, Missouri 64153

jhernandez@DH-law.com
*Attorney for Plaintiffs*

By:      *s/ Jerad West*
         L. Kathleen Chaney
         Jerad West
         LAMBDIN & CHANEY, LLP