IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01736-JLK

DALE SNYDER, et al.,

    Plaintiffs,

v.

ACORD CORPORATION, a Delaware, non-profit corporation, et al.,

    Defendants.

**REPLY IN SUPPORT OF MOTIONS TO DISMISS
FOR LACK OF PERSONAL JURISDICTION (ECF NOS. 389 AND 400)**

This reply is submitted on behalf of holding company defendants and certain other defendants and Verisk Analytics Inc. (the "Moving Defendants") in support of their motions to dismiss for lack of personal jurisdiction (ECF Nos. 389 and 400) and in opposition to Plaintiffs' response (ECF No. 445-11).

## INTRODUCTION

The Moving Defendants' motions, supported by 14 sworn declarations, demonstrated that they have no meaningful contacts with this forum and that the Court should dismiss them for lack of personal jurisdiction. Plaintiffs have responded with a 24-page appendix that presents no competent evidence that the Moving Defendants had any contacts with Colorado and ignores the 14 declarations. Plaintiffs instead advance

arguments with no factual or legal merit that fail as a matter of law to establish personal jurisdiction.

## **ARGUMENT**

### I. PLAINTIFFS' RESPONSE CONCEDES THAT GENERAL JURISDICTION DOES NOT EXIST

In their motion, the Moving Defendants demonstrated that this Court does not have general jurisdiction over them, because they are not "at home" in Colorado and do not engage in systematic and continuous activity there. (Mot. to Dismiss 6-8, ECF No. 389.) The Moving Defendants submitted 14 sworn declarations proving their lack of meaningful activity in the forum. (ECF Nos. 389-1 to 389-13 and 400-1.)[1] Plaintiffs' response nowhere disputes that evidence or the related arguments in the motion. (Pls.' App'x Eleven 1-24, ECF No. 445-11.) Accordingly, Plaintiffs concede that the Court lacks general jurisdiction over the Moving Defendants.

### II. PLAINTIFFS HAVE FAILED TO ESTABLISH SPECIFIC JURISDICTION AS A MATTER OF LAW

Plaintiffs also fail to plead a valid basis for asserting that the Court has specific jurisdiction over the Moving Defendants. The motions explained precisely why the Moving Defendants lack minimum contacts with the forum and supported that explanation with the 14 declarations. (Mot. to Dismiss 8-11, ECF No. 389 and exhibits

---

[1] Not only did Plaintiffs not respond to the affidavit of Jared H. Wolovnick submitted on behalf of Defendant Verisk Analytics, Inc., but Plaintiffs did not respond to <u>any</u> of the jurisdictional arguments submitted in the Motion to Dismiss of Verisk Analytics, Inc. (ECF No. 400.)

thereto; Verisk Mot. to Dismiss 4-7, ECF No. 400 and exhibit thereto.) Specifically, the Moving Defendants (i) conduct no business in Colorado; (ii) have no offices or agents in Colorado; (iii) are not registered to do business in Colorado; and (iv) have no dealings with any of the Plaintiffs. (Mot. to Dismiss 8-11, ECF No. 389; ECF No. 400-1.) The Moving Defendants also demonstrated that the Third Amended Complaint's empty allegations cannot establish specific jurisdiction, because those allegations say nothing specific about any of the Moving Defendants. (Mot. to Dismiss 8-11, ECF No. 389.)

In their response, Plaintiffs have not challenged the facts supporting the motions and have failed to submit any evidence of suit-related activity by the Moving Defendants showing a substantial connection with the forum (Pls.' App'x Eleven 11-12, ECF No. 445-11), as would be required to establish specific jurisdiction, *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Instead, Plaintiffs' response attempts to establish personal jurisdiction by declaring without basis that the Moving Defendants are members of the "ACORD Community" and that this so-called "Community" directed its activities "at the State of Colorado and its citizens in wholesale fashion." (Pls.' App'x Eleven 11-12, ECF No. 445-11.)

Plaintiffs are wrong. The conclusory and generic paragraphs from the Third Amended Complaint cited in Plaintiffs' response (*id.* at 13 n.12) allege nothing in particular about any of the Moving Defendants, much less that those specific defendants have membership in the so-called "ACORD Community." (Third Am. Compl. ¶¶ 151,

3

156, 165-70, 1068-69, 1078, 1123-27, ECF No. 380.) Plaintiffs' conclusory allegation that all of the defendants in this action, as a group, are members of such a community cannot establish personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Nor do the paragraphs from the Third Amended Complaint cited by Plaintiffs allege that any of the Moving Defendants participated in or directed any activities "at the State of Colorado." (Third Am. Compl. ¶¶ 151, 156, 165-70, 1068-69, 1078, 1123-27, ECF No. 380.)

Not only is the Third Amended Complaint bereft of essential allegations, but, as a matter of law, Plaintiffs cannot rest on their pleadings alone. *See Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1130 (10th Cir. 1991) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits"). The Moving Defendants' uncontested declarations demonstrate that they have not directed at the forum any of their activities. (ECF Nos. 389-1 to 389-13 and 400-1.) Plaintiffs have come forward with no competent evidence to the contrary.

Plaintiffs also suggest that the Colorado activities of other purported members of the so-called "ACORD Community" create personal jurisdiction over the Moving Defendants. (Pls.' App'x Eleven 11-12, ECF No. 445-11.) Plaintiffs are again wrong as a matter of law. The actions of other entities—even those that might be related to the Moving Defendants by ownership—cannot be imputed to the Moving Defendants for personal jurisdiction purposes. (Mot. to Dismiss 7, ECF No. 389 (citing *SGI Air Holdings*

4

*II LLC. v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1199 (D. Colo. 2002)).) Nor can Plaintiffs impute the supposed actions of others to the Moving Defendants with bare allegations of a conspiracy. *Hart v. Salois*, No. 14-4053, 2015 WL 1020369, at *4 (10th Cir. Mar. 10, 2015) ("[i]n order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than bare allegations that a conspiracy existed . . ." (quoting *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007))). The alleged activities of other members of the purported "ACORD Community," therefore, cannot establish specific jurisdiction over the Moving Defendants. Plaintiffs' response fails to establish specific jurisdiction.

### III.   THE RICO STATUTE DOES NOT CREATE PERSONAL JURISDICTION

In their motions to dismiss, the Moving Defendants also explained why Plaintiffs' facially deficient RICO claims do not establish personal jurisdiction over the Moving Defendants. (Mot. to Dismiss 11-14, ECF No. 389; Verisk Mot. to Dismiss 7-9 & n.9, ECF No. 400.)

#### A.   The RICO Statute Cannot Create Personal Jurisdiction Because Plaintiffs Have Failed to State a RICO Claim

The RICO statute's nationwide service of process provision cannot provide a basis for personal jurisdiction, where, as here, Plaintiffs have failed to state a RICO claim under Rule 12(b)(6). *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 2d 1224, 1248 (D. Colo. Mar. 26, 2014). Here, Plaintiffs' RICO claims are fatally deficient on their face (*see* State Farm Mot. to Dismiss, ECF No. 390 (Section III)). In response to Plaintiffs'

5

arguments regarding their RICO claims, the Moving Defendants hereby incorporate by reference the reply brief submitted by State Farm as ECF No. 458.

### B. Plaintiffs Have Failed to Show That Nationwide Service of Process Is Required to Meet The "Ends of Justice"

The RICO statute provides no basis for personal jurisdiction even if Plaintiffs' RICO claim somehow survives under Rule 12(b)(6) (which it should not). Even when a RICO claim is well pled (which is not the case), the plaintiff must still prove that nationwide service of process under the RICO statute is required by the "ends of justice." *Cory v. Aztec Steel Bldg, Inc.*, 468 F.3d 1226, 1231-33 (10th Cir. 2006).[2]

Here, Plaintiffs submitted no evidence or facts with their response to meet the ends-of-justice requirement, relying instead on vague argument of counsel that it would be more convenient for them to litigate in Colorado. (Pls.' App'x Eleven 8, ECF No. 445-11 ("Plaintiffs are in no position to prosecute the wrongs in another forum.").)[3] Plaintiffs' desire for their lawsuit to be as convenient for them as possible, at the expense of all other considerations, does not satisfy the ends-of-justice requirement. In *Cory*, the Tenth

---

[2] Plaintiffs' response errs in suggesting that the Moving Defendants bear the burden to show that the "ends of justice" do not permit nationwide service of process. Quite the opposite, Plaintiffs bear the burden to show affirmatively that the ends-of-justice requirement is met. *Hart*, 2015 WL 1020369 at *3. Only after a plaintiff meets that requirement does a defendant bear the burden to show that the Due Process Clause of the Fifth Amendment nevertheless prevents the Court from exercising personal jurisdiction. *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). Here, as in *Cory*, the Court "need not proceed to the Fifth-Amendment inquiry," 468 F.2d at 1233, because Plaintiffs cannot satisfy the ends-of-justice requirement.

[3] Plaintiffs have offered no explanation why their Kansas-based lawyers may litigate only in Colorado.

Circuit rejected a similar argument as a matter of law. *See* 468 F.3d at 1232 (finding insufficient the plaintiff's contention "that the ends of justice require nationwide service simply because [the plaintiff] has sustained damages and litigation costs in" the forum). Here, as in *Cory*, the Court should hold that Plaintiffs' desire for convenience does not carry their burden to meet the ends-of-justice requirement and should reject nationwide service of process here. Plaintiffs' RICO arguments fail as a matter of law.

## CONCLUSION

The motions (ECF Nos. 389 and 400) should be granted.


Dated:  June 15, 2015                           Respectfully submitted,


                                                *s/ Evan Bennett Stephenson*
                                                Terence M. Ridley
                                                **Evan Bennett Stephenson**
                                                Erin F. Frohardt
                                                Wheeler Trigg O'Donnell LLP
                                                370 17th Street, Suite 4500
                                                Denver, CO  80202-5647
                                                Phone:  (303) 244-1800
                                                Fax:  (303) 244-1879
                                                ridley@wtotrial.com
                                                stephenson@wtotrial.com
                                                frohardt@wtotrial.com

                                                **ATTORNEYS FOR DEFENDANT
                                                FIRST AMERICAN FINANCIAL
                                                CORPORATION**

*s/ Cynthia Mitchell*
**Cynthia Mitchell**
Paul H. Schwartz
Jacqueline Melmed
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO  80302
Phone:  (303) 530-3452
Fax:  (303) 530-4071
cmitchell@sgslitigation.com
pschwartz@sgslitigation.com
jmelmed@sgslitigation.com
awarren-gregory@sgslitigation.com

**ATTORNEYS FOR DEFENDANT THE HARTFORD FINANCIAL SERVICES GROUP, INC.**

*s/ John M. Palmeri*
**John M. Palmeri**
GORDON & REES, LLP
555 Seventeenth St., Suite 3400
Denver, CO  80202
Phone:  (303) 534-5160
Fax:  (303) 534-5161
jpalmeri@gordonrees.com

William P. Shelley
Jacob C. Cohn
GORDON & REES, LLP
2005 Market St., Suite 2900
Philadelphia, PA  19103
Phone:  (215) 717-4004
Fax:  (215) 717-693-6650
wshelley@gordonrees.com
jcohn@gordonrees.com

**ATTORNEYS FOR DEFENDANT THE CHUBB CORPORATION**

*s/ Kendall W. Harrison*
**Kendall W. Harrison**
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI  53701-2719
Phone:  (608) 257-3911
Fax:  (608) 257-0609
kharrison@gklaw.com

**ATTORNEY FOR DEFENDANTS QBE HOLDINGS, INC. AND QBE INSURANCE GROUP, LIMITED**

*s/ L. Kathleen Chaney*
**L. Kathleen Chaney**
Jerad West
Max S. Gad
LAMBDIN & CHANEY, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO  80237
Phone:  (303) 799-8889
Fax:  (303) 799-3700
kchaney@lclaw.net
jwest@lclaw.net
mgad@lclaw.net

**ATTORNEYS FOR DEFENDANTS AMERICAN INDEMNITY FINANCIAL CORPORATION, LAFAYETTE INSURANCE COMPANY, UNITED FIRE GROUP, INC., UNITED FIRE INSURANCE CO., AND UNITED FIRE LLOYDS**

| | |
|---|---|
| *s/ Rand L. McClellan* | *s/ Shaun McParland Baldwin* |
| Casie D. Collignon | Robert A. Zupkus |
| ccollignon@bakerlaw.com | Muliha A. Khan |
| Paul G. Karlsgodt | Zupkus & Angell, P.C. |
| pkarlsgodt@bakerlaw.com | 555 East Eighth Avenue |
| Matthew C. Baisley | Denver, CO  80203 |
| mbaisley@bakerlaw.com | Phone:  (303) 894-8948 |
| 1801 California Street, Suite 4400 | Fax:  (303) 894-0104 |
| Denver, CO  80203 | rzupkus@zalaw.com |
| Phone:  (303) 861-0600 | mkhan@zalaw.com |
| Fax:  (303) 861-7805 | |
| | **Shaun McParland Baldwin** |
| Mark A. Johnson | Tressler LLP |
| mjohnson@bakerlaw.com | 233 South Wacker Drive, 22nd Floor |
| Rodger L. Eckelberry | Chicago, IL  60606 |
| reckelberry@bakerlaw.com | Phone:  (312) 627-4000 |
| **Rand L. McClellan** | Fax:  (312) 627-1717 |
| rmcclellan@bakerlaw.com | sbaldwin@tresslerllp.com |
| Jacqueline K. Matthews | |
| jmatthews@bakerlaw.com | **ATTORNEYS FOR DEFENDANT** |
| Baker Hostetler LLP | **SECURA INSURANCE HOLDINGS,** |
| 65 East State Street, Suite 2100 | **INC.** |
| Columbus, OH  43215 | |
| Phone:  (614) 228-1541 | |
| Fax:  (614) 462-2616 | |
| | |
| **ATTORNEYS FOR KEMPER** | |
| **CORPORATION** | |

*s/ Robert C. Blume*
**Robert C. Blume**
M. Scott Campbell
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Suite 4200
Denver, CO  80202
Phone:  (303) 298-5700
Fax:  (303) 313-2870
rblume@gibsondunn.com
scampbell@gibsondunn.com

**ATTORNEYS FOR DEFENDANT TRAVELERS INSURANCE GROUP HOLDINGS, INC.**

*s/ Eric B. Liebman*
**Eric B. Liebman**
William F. Jones
MOYE WHITE LLP
16 Market Square, 6th Floor
1400 16th Street
Denver, CO  80202
Phone:  (303) 292-2900
Fax:  (303) 292-4510
eric.liebman@moyewhite.com
billy.jones@moyewhite.com

Keara Gordon
DLA PIPER LLP (US)
1251 Avenue of the Americas
27th Floor
New York, NY  10020-1104
Phone:  (212) 335-4500
Fax:  (212) 335-4501
keara.gordon@dlapiper.com

Sara Z. Moghadam
DLA PIPER LLP (US)
500 8th Street, NW
Washington DC  20004
Phone:  (202) 799-4512
Fax:  (202) 799-5512
sara.moghadam@dlapiper.com

**ATTORNEYS FOR AMERICAN INTERNATIONAL GROUP, INC.**

*s/ Mark W. Bayer*
**Mark W. Bayer**
BARNES & THORNBURG LLP
1717 McKinney Avenue, Suite 700
Dallas, Texas 75202
Phone:  (214) 695-8175
Fax:  (317) 231-7433
Email:  mark.bayer@btlaw.com

**ATTORNEY FOR VERISK ANALYTICS, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 15, 2015 I electronically filed the foregoing REPLY IN SUPPORT OF MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF NOS. 389 AND 400) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants who have entered an appearance in this action.

*s/ Evan Bennett Stephenson*
**Evan Bennett Stephenson**
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Phone:  (303) 244-1800
Fax:  (303) 244-1879
stephenson@wtotrial.com

**ATTORNEY FOR DEFENDANT FIRST AMERICAN FINANCIAL CORPORATION**

13