IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01736-JLK

**DALE SNYDER, et al.**,

      Plaintiffs,

v.

**ACORD CORPORATION, et al.**,

      Defendants.

---

**ORDER ON MOTION FOR RELIEF FROM FINAL JUDGMENT**

---

**Kane, J.**

    Before me is Plaintiffs' Motion for Relief from Final Judgment (Doc. 497) pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(1)-(3).

    A Rule 59(e) motion "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). When based on new evidence, the motion must show that the evidence was not available at the time of the initial ruling, or, if it was available, that "counsel made a diligent yet unsuccessful effort to discover the evidence." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (citation omitted); *see Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1102 (10th Cir. 2006).

    Rule 60(b) provides for relief from judgment in cases of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party." Fed. R. Civ. P. 60(b)(1)-(3). A Rule 60(b) motion based on new evidence must show that the movant was diligent in discovering the evidence, that the evidence was material and not merely cumulative or impeaching, and that the evidence would probably have produced a different result. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

The only "new" evidence specifically identified by Plaintiffs in their motion is a May 1, 2015 blog post by Gregory Maciag, a former ACORD executive, which makes a small handful of vague statements regarding standards, for example, that "When you have to comply with the information requirements of an authority, standards are implicitly involved." *See* Doc 493-1. I do not understand the relevance of this document to Plaintiffs' claims, but in any event, it was available before Plaintiffs filed their responses to Defendants' motions to dismiss on or around June 2, 2015, and Plaintiffs do not offer any argument that counsel made a diligent but unsuccessful effort to discover it before that time. Accordingly, it does not qualify as "newly discovered evidence" for the purposes of Rule 59(e) or Rule 60(b)(2). The balance of Plaintiffs' motion argues at length that various parts of my opinion granting Defendants' motions to dismiss were legally erroneous, *see generally* Doc. 497, but does not identify any change in the controlling law or new authority since those motions were fully briefed and decided. I have already rejected Plaintiffs' various legal arguments in my opinion granting Defendants' motions to dismiss, and for the reasons given therein, I find that Plaintiffs have not demonstrated any "manifest errors of law" which would entitle them to relief under Rule 59(e). Accordingly Plaintiffs' Motion for Relief from Final Judgment (Doc. 497) is **DENIED**.

Dated:  April 25, 2016                             *s/ John L. Kane*
                                                   Senior U.S. District Judge